THE UNADILLA.

GERMAN–AMERICAN BANK OF BUFFALO v. THE UNADILLA.

(District Court, N. D. Illinois. March 16, 1896.)

MARITIME LIENS—LIEN CREATED BY STATE STATUTE—PRIORITIES.
The holder of a lien on a vessel created by state statute, and not enforceable by admiralty process, is entitled to share in the proceeds of a vessel sold to enforce maritime liens only after the maritime liens have been paid.

In Admiralty. Petition by the German-American Bank of Buffalo against the remnants and surplus of the proceeds of the sale of the steamer Unadilla.

Brown & Cook and D. L. Cruice, for petitioner.
Schuyler & Kremer, for respondent.

GROSSCUP, District Judge. The Unadilla was sold at the instance of a lienholder, and its proceeds are now in the registry of this court. The German-American Bank appears as an intervening petitioner. The home port of the Unadilla was Tonawanda, near Buffalo, in the state of New York. The petitioning bank is situated in Buffalo. The petitioner's claim arises from advances made by the petitioner to the owner of the Unadilla at Buffalo for prospective supplies to and repairs upon the Unadilla. The advances were made in reliance upon an understanding between the owner and the bank that there should be a lien upon the vessel for the amount thereof.

The statutes of New York provide for a lien for "advances made for the purpose of procuring necessaries for such ship or vessel." Admiralty Rule 12 provides a lien to material men "for supplies or repairs, or for necessaries." This, plainly, does not extend to the petitioner's case. The bank was in no sense a material man. Rule 17 provides a lien on account of maritime hypothecation for supplies, repairs, or other necessaries in a foreign port. The case of the petitioner does not fall under this rule. There is no other rule in admiralty except the forty-third, hereafter referred to, which even remotely touches the petitioner's case.

The question, then, arises whether, having a lien by virtue of the New York statute, for the enforcement of which, however, by a proceeding in rem, no provision is made by the admiralty rules, the petitioner is entitled to share in the proceeds in the registry, and, if so, in what order. I have examined with as much care as my time would permit the line of federal decisions from which light upon this question might be obtained, and, without attempting to summarize the principles therein separately developed, will state only the conclusions to which they have brought me. These conclusions seem to me to be especially apparent in the cases of The Lottawanna, 21 Wall. 558, The General Smith, 4 Wheat. 438, and The J. E. Rumbell, 148 U. S. 1, 13 Sup. Ct. 498.

Maritime law is entirely distinct from the municipal law of the land. It is, and always has been, a separate and distinctive jurisprudence. But, though relating to the sea, and radically different, in some respects, from the conceptions of municipal law, it has always been an attribute of some sovereignty, and enforced in the courts of such sovereignty. The constitution of the United States transferred this jurisprudence from the sovereignty of the states to that of the nation. The maritime law proper finds its expression now only in the national will. The states can add nothing to it, nor take anything from it; and, in the field of strictly maritime law, state legislation is ineffectual except as such legislation may be adopted by the national will.

On maritime subjects the national will finds its expression through the national courts. But, though the states surrendered maritime jurisdiction to the nation, they still have within their own political divisions power to legislate respecting water craft and contracts and conduct relating thereto. Such legislation, however, does not ex proprio vigore become maritime law. Unless adopted by the nation, it remains outside the domain of maritime law. Liens, whether arising under maritime law, or under other competent legislation, are rules of property. But liens are not necessarily alike in point of priority or effect. Maritime liens proper are such as the maritime law has recognized as needful to the affairs of the sea. Their primary object, generally, is to give wings and legs to the ships. They constitute the first debt a ship owes, the debt arising from the necessity of self-existence. But the maritime law proper is not non-expansible. Transitions of time and circumstance bring forward considerations favorable to new classes of liens that did not exist before. These may be introduced primarily into the body of mar-

itime law by the national will, or adopted by the same power from the legislation of the state. Such new classes of liens, thus created or adopted, become a part of the maritime law, or of the law in the nature of maritime law. The class of liens not thus adopted, however, by the national will, have the force and effect only of state legislation. They are not a part of the body of maritime liens. Whether a lien is maritime, therefore, or of a maritime nature, so as to be enforced as such, depends not upon the legislation of the state, but upon whether such legislation has been adopted by the national will. But how shall it be ascertained whether state liens, otherwise alien to the maritime law, have been adopted into the class to which the remedies of the maritime law are extended? Plainly, only by the decisions of the United States supreme court and its rules of procedure. It is in that tribunal that the expression of the national will is to be found, and it is presumable that, for every lien newly adopted into the maritime class, the court will provide a process. The absence of process to give effect to a lien other than strictly maritime liens, clearly manifests the will of the court that such lien is not adopted into the national maritime jurisprudence. For the claim of the petitioner no process is provided, and there is therefore no authority for extending to him the rights of a maritime lienholder. But under the state law, and as against the owner of the vessel, the petitioner has a right superior to that of the owner to the proceeds of the vessel. The absence of rules of the supreme court covering his lien only excludes him from the class of maritime lien holders proper and those which have been adopted as such. His rights, under the laws of New York, remain intact. His interest, as against the owner, in the proceeds in the registry, is protected by the forty-third rule in admiralty.

A decree may be entered allowing petitioner the payment of his claim after the discharge of the claims of the lienholders proper.